NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 8 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MONTEREY PROPERTY ASSOCIATES
ANAHEIM, LLC, a California limited
liability company,

Plaintiff-Appellant,

v.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

Defendant-Appellee,

and

DOES, 1 through 10, inclusive,

Defendant.

No.    21-55541

D.C. No.
3:20-cv-00077-LAB-AGS

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Larry Burns, District Judge, Presiding

Argued and Submitted April 11, 2022
Pasadena, California

Before:  CALLAHAN and VANDYKE, Circuit Judges, and EZRA,[**] District

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Judge.

After being sued by one of its tenants, Appellant Monterey Property Associates Anaheim, LLC ("MPAA") tendered defense and indemnity to its commercial liability insurance carrier Travelers Property Casualty Company of America ("Travelers"). In the underlying dispute, tenant Fitness International, LLC, d/b/a LA Fitness ("LA Fitness") claimed that MPAA's refusal to repair a failing roof over LA Fitness's swimming pool in accordance with the applicable lease contract damaged LA Fitness by forcing it to permanently close its pool because of "health and safety hazards posed by the roof." Travelers denied coverage because of (1) a "policy exclusion for 'property damage' to property that [the insured] own[s] or rent[s]" and (2) lack of coverage "for 'property damage' that was known prior to the policy period." MPAA then initiated this case against Travelers for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief based on Travelers's refusal to defend and indemnify MPAA in its dispute with LA Fitness.

The district court granted summary judgment in Travelers's favor, finding that the harm LA Fitness alleged in its suit against MPAA was merely a continuation of roof damage MPAA knew about before its policy period with Travelers began, and that LA Fitness's loss therefore amounted to a known loss under the Travelers policy. We agree and also conclude that Travelers was entitled

2

to deny coverage under the policy's "impaired property" exclusion.

Under the Travelers insurance policy, property damage is not covered if the insured knew that all or part of the damage had already occurred prior to the policy period. If the insured knew of property damage prior to the policy period, the policy provides that "any continuation, change or resumption of such . . . 'property damage' during or after the policy period will be deemed to have been known prior to the policy period." The district court implicitly held—and there is ample evidence in the record to support—that MPAA knew about damage to the roof over LA Fitness's pool before the Travelers policy period began. MPAA does not dispute this finding on appeal. Rather, MPAA argues that the pool closure is not a continuation of the roof damage because the closure was "a different type of loss, to a different type of property, at a different time."

Because known roof damage is the only proffered reason for the pool closure found anywhere in the record, we conclude that the pool closure was excluded from coverage under the policy as a known loss, and the district court properly granted summary judgment in Travelers's favor.[1] *See Kaady v. Mid-*

---

[1] At oral argument, MPAA relied heavily on California Supreme Court case *Montrose Chem. Corp. v. Admiral Ins. Co.*, 10 Cal. 4th 645, 42 Cal.Rptr.2d 324, 913 P.2d 878 (1995). However, the *Montrose* court was tasked with determining when an insurable risk remains under California's "loss-in-progress" rule, and specifically distinguished cases involving the interpretation of an "express exclusionary clause disavowing coverage of losses arising from any known pre-existing conditions." *Id.* at 689–91 (cleaned up).

*Continent Cas. Co.*, 790 F.3d 995, 1000 (9th Cir. 2015) (noting that a loss facilitated by known pre-policy period property damage "might well be considered a 'continuation, change[,] or resumption'" of the known damage).

The Travelers policy also excludes damage to "property that has not been physically injured, arising out of . . . [a] delay or failure by [the insured] or anyone acting on [the insured's] behalf to perform a contract or agreement in accordance with its terms." This provision is known as the "impaired property" exclusion. Because MPAA does not dispute—either before the district court or in its briefing on appeal—Travelers's contention that the pool closure was caused by MPAA's delay in performing its duties under its lease contract with LA Fitness, we hold that the impaired property provision applies.

We also conclude that MPAA's arguments on waiver, estoppel, and ambiguity are without merit. MPAA fails to show how it reasonably relied on any representation by Travelers as required for waiver to apply to Travelers's impaired property exclusion argument. *See Waller v. Truck Ins. Exch., Inc.*, 11 Cal.4th 1, 33–34, 44 Cal.Rptr.2d 370, 900 P.2d 619 (1995) (explaining that waiver is only found where there is intentional relinquishment or where the insurer's actions "are so inconsistent with an intent to enforce [a] right as to induce a reasonable belief that such right has been relinquished"). Similarly, MPAA does not identify any specific detriment that it suffered because Travelers failed to mention the impaired

4

property exclusion in its letters denying coverage. *See id.* at 33 ("[E]stoppel requires proof of the insured's detrimental reliance."). And because MPAA offers no alternative interpretation for the provision, we are not compelled to hold that it is ambiguous. *See Mackinnon v. Truck Ins. Exchange*, 31 Cal.4th 635, 648, 3 Cal.Rptr.3d 228, 73 P.3d 1205 (2003) ("A policy provision will be considered ambiguous when it is capable of two or more constructions, both of which are reasonable.").

Finally, we hold that the district court did not err by granting summary judgment on MPAA's remaining claims for breach of the implied covenant of good faith and fair dealing or declaratory relief. Under California law, "if there is no *potential* for coverage and, hence, no duty to defend under the terms of the policy, there can be no action for breach of the implied covenant of good faith and fair dealing . . . ." *Waller*, 11 Cal.4th at 36. MPAA's claim that Travelers acted in bad faith therefore fails with its breach of contract claim. Summary judgment was also proper on MPAA's claim for declaratory relief. MPAA sought a declaration of the "obligations and liabilities of the parties as concerns this controversy, and a determination that [Travelers] owed a duty to [MPAA] to pay benefits as a result of the underlying litigation." Complaint at 8, Monterey Property Associates Anaheim, LLC v. Travelers Property Casualty Co. of America, et al, No. 3:20-cv-00077-LAB-AGS (S.D. Cal. Jan. 1, 2020), ECF No. 1. Because the district court

properly concluded that MPAA was not entitled to a defense or indemnity, it also properly dismissed MPAA's claim for declaratory relief.

**AFFIRMED.**